IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARION EDWARD RIDDELL                                                    PETITIONER

vs.                                  Civil No. 6:12-cv-06050

RAY HOBBS                                                                 DEFENDANT
Director, Arkansas Department of Corrections

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Marion Edward Riddell is an inmate confined at the Arkansas Department of Corrections in Grady, Arkansas. On March 28, 2012[1], he filed the instant petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (1996). ECF No. 1. The petition was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case. Consistent with the following analysis, this Court recommends this petition be **DENIED.**

**1.     Background[2]**

On April 15, 2010, Petitioner was found guilty of rape in violation of Arkansas Code Annotated § 5-14-103. Petitioner was found guilty after being tried by a jury in the Circuit Court of Garland County Arkansas, Case Number CR-2008-61. Petitioner was sentenced to life in prison. Subsequent to his conviction, Petitioner filed a direct appeal with the Supreme Court of Arkansas.

---

[1] This petition was not received by the Clerk of the Court until April 10, 2012. Petitioner, however, signed this petition on March 28, 2012. ECF No. 1. Without any evidence to the contrary, this Court presumes Petitioner delivered this petition to the prison officials for filing on that date. *Id.* Thus, this Court finds Petitioner filed this petition on March 28, 2012. *See Sulik v. Taney County, Mo.,* 316 F.3d 813, 815 (8th Cir. 2003) (recognizing the "mailbox rule" applies to *pro se* prisoner 28 U.S.C. § 2254 *habeas* petitions).

[2] The facts and procedural background were taken from the petition (ECF No. 1), response (ECF No. 6), and reply (ECF No. 7) as well as the docket in this case.

*Riddell v. State,* 2011 Ark. 21 (2011).

With that appeal, Petitioner raised the single issue of whether the trial court erred in denying a motion for continuance. Petitioner claimed a continuance was necessary so that several additional witnesses could be subpoenaed to testify at trial.[3] On January 25, 2011, the Supreme Court of Arkansas affirmed Petitioner's conviction. *Riddell v. State,* 2011 Ark. 21 (2011). Notably, the Supreme Court of Arkansas held the trial court did not abuse its discretion by denying Petitioner's motion for continuance. *Id.*

On August 2, 2011, Petitioner filed a petition for post-conviction relief with the Circuit Court of Garland County under Rule 37 of the Arkansas Rules of Criminal Procedure. Petitioner raised five arguments for relief: (1) ineffective assistance of counsel because his attorney did not diligently inform him of the decision on his direct appeal; (2) ineffective assistance of counsel because his attorney did not "procure the attendance of witnesses material to the defense"; (3) ineffective assistance of counsel because his attorney did not request that the trial court declare Arkansas Code Annotated § 16-42-101 unconstitutional[4]; (4) the error by the trial court in not allowing several witnesses to testify regarding the victim's character for truthfulness; and (5) the error by the trial court in not remaining fair and impartial during the trial.

On August 8, 2011, the Garland County Circuit Court denied this Rule 37 petition as untimely. Petitioner appealed this denial to the Supreme Court of Arkansas. *Riddell v. State,* 2012

---

[3] In his petition, Petitioner also alleges he raised the issue of whether the trial court erred in denying his motion for directed verdict on the charge of rape. ECF No. 1, Page 2. The Supreme Court of Arkansas, however, stated Petitioner only raised one issue regarding a continuance. *See Riddell v. State,* 2011 Ark. 21 (2011). Thus, this Court presumes Petitioner only raised this one issue.

[4] This statute addresses the admissibility of the victim's prior sexual conduct. ARK. CODE ANN. § 16-42-101 (2005).

Ark. 11 (2012). On January 12, 2012, the Supreme Court of Arkansas affirmed. *Id.* The Supreme Court of Arkansas agreed with the trial court and determined Petitioner's Rule 37 petition was untimely. *Id.* That court also found that because the Rule 37 petition was untimely, there was no jurisdiction. *Id.*

As noted above, on March 28, 2012, Petitioner filed the present petition in this Court. ECF No. 1. Respondent filed a response to this petition on June 7, 2012, and Petitioner filed a reply to this response on June 26, 2012. ECF No. 6. No hearing has been held in this matter.[5] This matter is now ready for decision.

**2.      Applicable Law**

Pursuant to 28 U.S.C. § 2254(d), a federal court is authorized under limited circumstances to grant a writ of *habeas corpus* on behalf of a person being held in custody in accordance with a state-court judgment. A federal court is only authorized to grant this writ if "the adjudication of the claim–(1) resulted in a decision that was contrary to, or involved an unreasonable application of, *clearly established Federal law*, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an *unreasonable determination of the facts* in light of the evidence presented in the State court proceeding." *Id.* (emphasis added).

A state-court adjudication is entitled to deference. *See Broom v. Denney,* 659 F.3d 658, 664 (8th Cir. 2011). A federal court is not authorized to grant this writ in circumstances where only a state's interpretation of its own law is at issue. *See Toney v. Gammon,* 79 F.3d 693, 699 (8th Cir.

---

[5] As outlined further in this opinion, the undersigned finds no hearing is necessary in this case because the allegations fail to state a constitutional claim. *See Wallace v. Lockhart,* 701 F.2d 719, 729-30 (8th Cir. 1983) (holding that "dismissal of the *habeas* petition without a hearing is proper where the petitioner's allegations are frivolous . . . where the allegations, even if true, fail to state a cognizable constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record").

1996); *Estelle v. McGuire,* 502 U.S. 62, 67 (1991) (stating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). A federal court may only grant this writ if the state's interpretation of its own law violates the United States Constitution, was based on an unreasonable determination of the facts, or meets the other requirements listed above. *See Estelle,* 502 U.S. at 67.

**3.     Discussion**

Petitioner raises six issues in his petition: (1) ineffective assistance of counsel because his counsel failed to procure the attendance of witnesses material to his defense; (2) ineffective assistance of counsel because his counsel did not submit a "no merit" brief; (3) ineffective assistance of counsel because his counsel failed to keep him "diligently informed"; (4) ineffective assistance of counsel because his counsel did not request Arkansas Code Annotated § 16-42-101 be declared unconstitutional; (5) error by the trial court in excluding evidence regarding the victim's credibility; and (6) error by the trial court judge in suggesting to the jury he deserved a life sentence.[6] ECF No. 1 at 6-34

Defendant responded to this petition on June 7, 2012. ECF No. 6. In this response, Defendant claims this petition should be dismissed because Petitioner failed to timely file for post-conviction relief in Arkansas state court. *Id.* Defendant claims that because Petitioner did not properly file for relief in Arkansas state court, he procedurally defaulted on his claims. *Id.* On June 26, 2012, Petitioner filed his reply to Defendant's response and argues this procedural default was due to the negligence of his attorney and should be excused. ECF No. 7.

---

[6] Petitioner also appears to raise a claim regarding the Americans with Disabilities Act ("ADA"). ECF No. 1 at 31-34. Petitioner provides no briefing on this issue. The ADA is a civil statute, and there is no indication from the briefing that Petitioner is disabled. Thus, this Court will not address this issue further.

### A. Timeliness

As an initial matter, Defendant agrees with Petitioner's claim that this petition was timely filed. ECF No. 6. Defendant states Petitioner's direct appeal finally concluded on April 27, 2011, which was 90 days after the Supreme Court of Arkansas issued its January 27, 2011 decision. *Id.* Defendant states that because this petition was filed within one year of April 27, 2011, it was timely filed. *Id.* Because there is no dispute on this issue, this Court will not address this issue further.

### B. Procedural Default

Upon review, this Court finds Petitioner has procedurally defaulted on his claims. As a general rule, a federal *habeas* petitioner must raise a claim in state court prior to having that issue litigated in federal court. Indeed, a "claim is procedurally defaulted if a habeas petitioner has failed to raise it in state proceedings." *Wooten v. Norris*, 578 F.3d 767, 777 (8th Cir. 2009). Whether a petitioner has properly exhausted his or her claims in state court is generally a question of state law. *See Arnold v. Dormire,* 675 F.3d 1082, 1087 (8th Cir. 2012) (holding that "[i]n Missouri, 'a claim must be presented "at each step of the judicial process" in order to avoid default'"). *But see Sloan v. Delo,* 54 F.3d 1371, 1379 (8th Cir. 1995) (holding that the "*adequacy* of a state procedure presents a question of federal law") (emphasis added).

Under Arkansas law, a petitioner must raise his or her arguments in a Rule 37 petition for post-conviction relief prior to bringing those arguments before a federal court. *See Williams v. Lockhart,* 873 F.2d 1129, 1130 (8th Cir. 1989) (holding that "certain state-court procedural defaults will bar a petition for federal habeas corpus [and this requirement] extends to procedural defaults occurring in the course of state post-conviction proceedings. . . . One example of such a default is the very point involved in this case–the failure to file a timely Rule 37 petition in Arkansas state

courts"). *See also Armstrong v. Kemma,* 590 F.3d 592, 606 (8th Cir. 2010). In the present action, Petitioner did not timely file a Rule 37 petition. Thus, under this general rule, since Petitioner did not timely file a petition for post-conviction relief under Rule 37, he procedurally defaulted unless an exception to the general rule applies.

### 1. Cause and Prejudice

There are two exceptions to this general rule. First, the procedural default rule does not apply where the petitioner shows cause and prejudice for his default. *See Arnold v. Dormire,* 675 F.3d 1082, 1087 (8th Cir. 2012). Cause must be "something *external* to the petitioner, something that cannot fairly be attributed to him." *See Coleman v. Thompson,* 501 U.S. 722, 750 (1991) (emphasis added). Likewise, to demonstrate prejudice, the petitioner must demonstrate not merely that the errors at his or trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions. *See Armstrong,* 590 F.3d at 606 (citation omitted).

In the present action, Petitioner claims his procedural default is excused because he had "cause" for his failure to timely file a Rule 37 petition. ECF No. 7. Specifically, Petitioner claims he did not timely file a Rule 37 petition because he was "never informed regarding the decision reached in his direct appeal." *Id.* at 4. Petitioner faults his attorney for not keeping him informed of his proceedings. *Id.* at 5.

In this case, however, Petitioner *directly contacted* the criminal justice coordinator of the Supreme Court of Arkansas on several different occasions to determine the status of his direct appeal. ECF No. 6-3 to 6-11. The coordinator repeatedly responded to Petitioner's inquiries. *Id.* Indeed, in the correspondence dated November 17, 2010, the coordinator even notified Petitioner

that "the Arkansas Supreme Court will act on the above-referenced appeal in 2011–probably in the first half of the year." ECF No. 6-9. Consistent with the representations of the coordinator, on January 25, 2011, the direct appeal was entered. *See Riddell v. State,* 2011 Ark. 21 (2011). Because Petitioner had actual knowledge of the status of his case and his appeal, this Court finds Petitioner has not established "cause" to justify his procedural default.

Further, Petitioner has not established prejudice. As noted above, the standard for establishing prejudice is a high standard. *See Armstrong,* 590 F.3d at 606. Petitioner claims additional witness testimony would have changed the outcome of his case. ECF No. 1 at 6-7. As stated in his petition, Petitioner claims these witnesses would have assisted in discrediting the victim's credibility. *Id.* For instance, Petitioner alleges that several of the witnesses were people who knew the victim and would testify that the victim had "deep resentment towards her biological mother and sought out ways to make her mother feel guilty for leaving her." *Id.* Petitioner also alleges one of the witnesses would have testified that the victim previously made similar accusations against him, which she later admitted were false. *Id.*

However, even assuming all this evidence had been admissible in this case, the state's case against Petitioner was very strong. Petitioner was convicted of raping a 15-year-old girl. The victim herself testified, and such testimony provides sufficient evidence for the conviction. *See Lamb v. State,* 372 Ark. 277, 282 (8th Cir. 2008). The victim's testimony was corroborated by the testimony of the victim's friend, the investigators, and forensic examiners. One such examiner was Ms. Mary Simonson who testified that Petitioner's semen extracted from a bedroom comforter and the 15-year-old victim's DNA was identified in skin cells extracted from the same comforter. Accordingly, based upon this evidence, this Court finds Petitioner has not met his burden of demonstrating

prejudice.

### 2. Actual Innocence

The procedural default rule does not apply where the petitioner can show actual innocence. *See Murray v. Carrier,* 477 U.S. 478, 485-96 (1986). This standard is also known as the "miscarriage-of-justice exception" and is interpreted very strictly. *See Schlup v. Delo,* 513 U.S. 298, 324 (1994). To demonstrate actual innocence, a petitioner must show that it is more likely than not that, in light of the new evidence, no reasonable juror would have convicted him or her. *See Cassell v. Norris,* 103 F.3d 61, 62 (8th Cir. 1996). Clearly, based upon the evidence presented above, Petitioner cannot meet this high burden. Indeed, in the present action, Petitioner does not even claim actual innocence. ECF No. 7. Thus, the Court will not address this issue further.

### 4. Conclusion

For the foregoing reasons, I recommend this petition under 28 U.S.C. § 2254 for a writ of *habeas corpus* be **DENIED**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED this 20th day of July 2012.**

                                                     /s/ Barry A. Bryant
                                                    HON. BARRY A. BRYANT
                                                    U.S. MAGISTRATE JUDGE