IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARION EDWARD RIDDELL                                              PETITIONER

VS.                           CASE No. 6:12-cv-6050

RAY HOBBS, Director,
Arkansas Department of Correction                                  RESPONDENT

# ORDER

    Before the Court is the Report and Recommendation filed August 6, 2012 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 8). Judge Bryant has examined Petitioner's Petition for Writ of *Habeas Corpus* (ECF No. 1), Respondent's Response (ECF No. 6), and Petitioner's Reply. (ECF No. 7). Judge Bryant recommends that the Petition be denied. Petitioner has filed an objection to Judge Bryant's report. (ECF No. 11). After conducting a *de novo* review of the record, the Court adopts Judge Bryant's Report and Recommendation as its own.

    Petitioner lists several claims in his Petition for Writ of *Habeas Corpus*, but the central issue before the Court is whether Petitioner can overcome a procedural default that occurred when he filed an untimely petition for postconviction relief in state court. At every level of Petitioner's postconviction review in the Arkansas state courts, his petition was denied as untimely. Petitioner then filed his Petition with this Court, and now Judge Bryant recommends denying the Petition on similar grounds.

    Petitioner objects by arguing that his petition was untimely because his attorney had a duty to inform him of when the Arkansas Supreme Court affirmed his conviction, and that the

attorney failed to do so. Judge Bryant concluded, however, that based on Petitioner's correspondence with the criminal justice coordinator of the Arkansas Supreme Court, Petitioner had actual knowledge of that court's mandate.

Even if Petitioner's contact with the criminal justice coordinator did not give him knowledge of the Arkansas Supreme Court's mandate, Petitioner cannot overcome his procedural default. As a general rule, a federal court may not entertain a state prisoner's *habeas* claim when a state court has declined to address that claim because the prisoner failed to meet a state procedural requirement. *Maples v. Thomas*, __ U.S. __, 132 S. Ct. 912, 922 (2012). This bar to federal review can be lifted only if "the prisoner can demonstrate cause for the [procedural] default [in state court] and actual prejudice as a result of the alleged violation of federal law." *Id.* (quoting *Coleman v. Thompson,* 501 U.S. 722, 750 (1991)).[1]

In this case, Petitioner procedurally defaulted on his state court petition for post-conviction review, and his attempt to overcome that default fails because he cannot show sufficient cause.[2] The Supreme Court recently clarified the meaning of "cause," stating that negligence on the part of the prisoner's postconviction attorney does not qualify as cause. *Maples*, 132 S. Ct. at 922. Petitioner urges that this rule does not apply because it was his trial counsel, rather than a postconviction attorney's, fault that he missed the deadline to file for postconviction relief. However, this argument presupposes that his trial counsel had a duty to assist him in filing a timely petition for postconviction relief as some extension of his constitutional right to counsel in a criminal proceeding. Petitioner, in essence, attempts to blur

---

[1] This is often referred to as the "cause and prejudice requirement." *Id.* at 927.
[2] The Court also agrees with Judge Bryant that Petitioner's claim fails on the "actual prejudice" requirement. (ECF No. 8). Put simply, the evidence going against Petitioner in his criminal case was overwhelming. It is unlikely that the witnesses Petitioner sought to introduce to discredit the victim's character, even if admissible, would have changed the outcome. Therefore, even if Petitioner could show proper cause for his procedural default, his petition fails on the prejudice requirement.

2

the lines between his criminal case and his postconviction *civil* proceeding by arguing that his trial counsel was required to do his part in ensuring that the postconviction petition was procedurally sufficient.

Petitioner's argument is misplaced. "There is no general Sixth Amendment right to postconviction counsel in collateral proceedings because such proceedings are usually civil in nature." *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002). Petitioner's trial counsel's duty did not extend to the postconviction proceeding, and even if it did, then under *Maples*, 132 S.Ct. at 922, counsel's negligence is insufficient to show cause to overcome the procedural default.

Based on the information in Judge Bryant's Report and Recommendation (ECF No. 10), and the reasoning in this Order, the Court adopts Judge Bryant's Report and Recommendation in its entirety. Therefore, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED, this 28th day of September, 2012.

/s/ Susan O. Hickey  
Hon. Susan O. Hickey  
United States District Judge